UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22-CR-01553-BAS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| OMAR CASTRO (1), | |
| Defendant. | |

WHEREAS, in the Bill of Particulars and Indictment the United States sought forfeiture of all right, title, and interest in specific properties of Defendant OMAR CASTRO, ("Defendant"), pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) as property constituting or derived from proceeds of the offense and as property used to commit or to facilitate the commission of the offense set forth in Counts 1, 3, 4, 5, and 7 of the Indictment which allege violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 21, United States Code, Sections 952 and 960 as charged in Count 6 of the Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1) as any and all property, real and personal, involved in such offense, and all property traceable to such property as set forth in Count 2 of the Indictment in violation of Title 18, United States Code, Section 1956(h); and,

WHEREAS, on or about July 27, 2023, Defendant pled guilty before Magistrate Judge Allison H. Goddard to the offense set forth in Counts 1 and 2 of the Indictment,

charging the defendant with conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 846 in Count 1 of the Indictment, and charging the defendant with conspiracy to launder monetary instruments in violation of Title 18, United States Code, Section 1956(h) in Count 1 of the Indictment, and consented to the forfeiture allegations of the Indictment, and agreed pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Title 18, United States Code, Section 982(a)(1) to forfeit all property seized in connection with this case including but not limited to the following:

    a. $63,166.00 U.S. Currency;
    b. $10,382.00 U.S. Currency;
    c. $7,817.00 U.S. Currency; and

WHEREAS, on, August 10, 2023, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the currencies and the offenses of conviction; and,

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the currencies, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Title 18, United States Code, Section 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced currency which is hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty pleas of the Defendant OMAR CASTRO to Counts 1 and 2 of the Indictment, the United States is hereby authorized to take custody and control

of the U.S. Currency, and all right, title and interest of Defendant in the U.S. Currency is hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Title 18, United States Code, Section 982(a)(1) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a. $63,166.00 U.S. Currency;

    b. $10,382.00 U.S. Currency; and

    c. $7,817.00 U.S. Currency.

2. The aforementioned forfeited assets are to be held by the United States Border Patrol in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the currency in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the currency, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right,

1  title, or interest in the forfeited currency and any additional facts supporting the petitioner's claim and the relief sought.

6.   The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the currency that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.   Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8.   Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

**IT IS SO ORDERED.**

DATED: December 12, 2024

_____
Honorable Cynthia Bashant
United States District Judge

22-CR-1553-BAS